Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
*srandall@randallslaw.com*

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Pardini, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>Mi Casa Su Casa, LLC, an Arizona Limited Liability Company,<br><br>          Defendant. | No.<br><br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**(Jury Trial Demanded)** |

### SUMMARY

1.     Alexander Pardini brings this lawsuit to recover unpaid overtime wages and other damages owed by Mi Casa Su Casa, LLC ("Mi Casa").

2.     Pardini and other hourly workers for Mi Casa regularly worked in excess of 40 hours in a week.

3.     Mi Casa did not pay Pardini and these other workers the proper overtime rate for all of these hours.

4.     Instead, Mi Casa paid Pardini and workers like him at the same hourly rate for most, if not all, hours worked.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

5.      Even when Mi Casa did pay Pardini and the other workers a premium for working certain hours, the premium was not calculated at 1.5x Pardini and the other workers' "regular rate." 29 U.S.C. § 207 (a), (e).

6.      Mi Casa's failure to pay overtime wages and of failing to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

7.      Mi Casa's failure to pay wages earned by Pardini and its other violates the Arizona Wage Act, A.R.S. 23-350 *et seq.*

8.      This action seeks to recover the unpaid wages and other damages owed by Mi Casa to these workers, along with all remedies provided by federal and Arizona law.

### JURISDICTION & VENUE

9.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10.     The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Mi Casa resides in this District.

12.     Pardini worked for Mi Casa in this District.

13.     Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

14.     Pardini was, at all relevant times, an employee of Mi Casa.

15.     Pardini was an hourly employee of Mi Casa.

16.     Pardini worked for Mi Casa from June 2021 to January 2022.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

17. Pardini's written consent is attached as Exhibit 1.

18. Pardini represents at least two classes of similarly situated workers for Mi Casa.

19. Pardini represents a collective of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Regular Rate Collective" is defined as:

> **All current or former hourly employees of Mi Casa working in the United States who were, at any point in the past three years, paid an overtime compensation rate that did not take into account all financial remuneration paid to the employee during the workweek, including but not limited to an employee's alternate, higher compensation rate, shift differentials, and non-discretionary bonuses.**

20. Pardini represents a class of similarly situated hourly employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Wage Class" is defined as:

> **All current or former hourly employees of Mi Casa working in Arizona who were, at any point in the past three years, paid an overtime compensation rate that did not take into account all financial remuneration paid to the employee during the workweek, including but not limited to an employee's alternate, higher compensation rate, shift differentials, and non-discretionary bonuses.**

21. Together, throughout this Complaint, the FLSA Collective and Arizona Wage Class members are referred to as the "Similarly Situated Workers."

22. Mi Casa Su Casa, LLC ("Mi Casa") is an Arizona limited liability company.

23. Mi Casa's headquarters and principal place of business is in Maricopa County, Arizona.

24. At all relevant times, one or more of Mi Casa's ultimate members were citizens of Arizona.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

25.     Mi Casa may be served by service upon its registered agent, Raymundo Antonio Arvizu, 2224 W. Northern Ave., Ste. D101, Phoenix, AZ 85021, or by any other method allowed by law.

### COVERAGE UNDER THE FLSA

26.     At all relevant times, Mi Casa was an employer of Pardini within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27.     At all relevant times, Mi Casa was and is an employer of the Similarly Situated Workers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.     Mi Casa was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29.     During at least the last three years, Mi Casa has had gross annual sales in excess of $500,000.

30.     Mi Casa was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

31.     Mi Casa employs many workers, including Pardini, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

32.     The goods and materials handled, sold, or otherwise worked on by Pardini, and other Mi Casa employees and that have been moved in interstate commerce include, but are not limited to, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

### FACTS

33.     Mi Casa provides residential care services.

34.     Pardini was an hourly employee of Mi Casa.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

35.     Mi Casa never paid Pardini a salary.

36.     Mi Casa never paid Pardini on a fee basis.

37.     Mi Casa paid Pardini by the hour.

38.     Mi Casa paid Pardini an hourly rate between $14 and $17 per hour for hours under 40 each week.

39.     Pardini reported the hours he worked to Mi Casa on a regular basis.

40.     Pardini's hours are reflected in Mi Casa's records.

41.     Pardini normally worked more than 40 hours in a week.

42.     For most of his employment, Mi Casa paid Pardini at one or two hourly rates during each pay period for all hours worked, including those in excess of 40 in a week.

43.     For example, for the bi-monthly pay period ending May 30, 2021, Pardini worked 105.10 hours for Mi Casa.

44.     For that pay period, Mi Casa paid Pardini at the same hourly rate of $15 per hour for all 105.10 hours worked:

| EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|
| | Hourly | 105.10 | 15.0000 | 1576.50 | 105.10 | 1576.50 |
| | Total Hours | 105.10 | | | 105.10 | |
| | Gross Earnings | | | 1576.50 | | 1576.50 |
| | Total Hrs Worked | 105.10 | | | | |

45.     Another example, for the bi-monthly pay period ending October 3, 2021, Pardini worked 107.80 hours for Mi Casa.

46.     For that pay period, Mi Casa paid Pardini at the two different hourly rates—$14 and $17—for each hour worked:

| EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|
| | Hourly | 71.23 | 14.0000 | 997.22 | 792.64 | 11875.50 |
| | Hourly | 36.57 | 17.0000 | 621.69 | | |
| | Total Hours | 107.80 | | | 792.64 | |
| | Gross Earnings | | | 1618.91 | | 11875.50 |
| | Total Hrs Worked | 107.80 | | | | |

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

47.     Thus, for the pay period ending October 3, 2021 Pardini was not paid an overtime premium at the regular rate required by the FLSA for any of his overtime hours.

48.     Even when Mi Casa paid Pardini what it called "overtime," it was clearly not at the rate required by the FLSA.

49.     Mi Casa's "overtime" rate was not based on all remuneration paid to Pardini, as required by the FLSA. 29 U.S.C. § 207(e).

50.     For example, during the bi-monthly pay period ending November 28, 2021, Pardini worked 60.30 hours for Mi Casa at the rate of $14 per hour and 24.72 hours for Mi Casa at the rate of $17 per hour.

| EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|----------|-------------|-----------|------|-----------------|-----------|---------|
| | Hourly | 60.30 | 14.0000 | 844.20 | 1135.71 | 16934.98 |
| | Hourly | 24.72 | 17.0000 | 420.24 | | |
| | Overtime | 7.98 | 21.0000 | 167.58 | 7.98 | 167.58 |
| | Total Hours | 93.00 | | | 1143.69 | |
| | Gross Earnings | | | 1432.02 | | 17102.56 |
| | Total Hrs Worked | 93.00 | | | | |

51.     But when Mi Casa paid Pardini what it called "overtime" for that period, it paid at a rate of only $21 per hour:

52.     That is, Mi Casa paid overtime arbitrarily at the lower rate of $14 per hour, rather than based upon Pardini's regular rate.

53.     Mi Casa was aware of the overtime requirements of the FLSA.

54.     Mi Casa nonetheless failed to pay certain hourly employees, such as Pardini, overtime at the rates required by the FLSA.

55.     Mi Casa's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

56.     Because of the FLSA's overtime requirements, non-exempt employees, like Pardini, reasonably expect to be compensated for the overtime they work at a rate at least 1.5x their regular hourly rate of pay.

PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES

57.    Employees, like Pardini, reasonably expect that their employers will comply with federal law regarding the payment of their wages.

58.    Pardini, in particular, expected that Mi Casa would pay him in accordance with federal and state law.

59.    Mi Casa was aware of the wage payment requirements of Arizona law.

60.    Mi Casa nonetheless failed to pay certain hourly employees, such as Pardini, the wages they were owed under Arizona law.

61.    Mi Casa knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

62.    Mi Casa's failure to pay full overtime to these hourly workers was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

63.    Pardini incorporates all other allegations.

64.    The illegal pay practices Mi Casa imposed on Pardini were likewise imposed on the FLSA Collective members.

65.    The illegal pay practices Mi Casa imposed on Pardini were likewise imposed on the FLSA Collective Members.

66.    Pardini employs many other workers who worked over 40 hours per week and were subject to Mi Casa's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

67.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

68.    Based on his experience and tenure with Mi Casa, Pardini is aware that Mi Casa's illegal practices were imposed on the FLSA Collective Members.

69.    These workers were similarly situated within the meaning of the FLSA.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

70.     Mi Casa's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

**CLASS ACTION ALLEGATIONS**

71.     The illegal practices Mi Casa imposed on Pardini were likewise imposed on the Arizona Wage Class members.

72.     During the applicable statute of limitations, numerous other individuals who worked with Pardini were not paid their full wages for all hours worked.

73.     These members of the Arizona Wage Class are so numerous that joinder of all members the class is impracticable.

74.     Mi Casa imposed uniform practices and policies on Pardini and these Arizona Wage Class members regardless of any individualized factors.

75.     Based on his experience and tenure with Mi Casa, Pardini is aware that Mi Casa's illegal practices regarding the payment of wages were imposed on the Arizona Wage Class members.

76.     Arizona Wage Class members were all not paid all compensation due to them for the labor or services they provided to Mi Casa.

77.     Mi Casa's failure to pay wages and overtime compensation in accordance with Arizona law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Wage Class members.

78.     Pardini's experiences are therefore typical of the experiences of the Arizona Wage Class members.

79.     Pardini has no interest contrary to, or in conflict with, the members of the Arizona Wage Class. Like each member of the proposed class, Pardini has an interest in

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

obtaining the unpaid wages and other damages owed under the law.

80.   A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

81.   Absent this action, many Arizona Wage Class members likely will not obtain redress of their injuries and Mi Casa will reap the unjust benefits of violating Arizona law.

82.   Furthermore, even if some of the Arizona Wage Class members could afford individual litigation against Mi Casa, it would be unduly burdensome to the judicial system.

83.   Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

84.   The questions of law and fact common to each of the Arizona Wage Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.   Whether Pardini and the Arizona Wage Class Members were paid all nondiscretionary compensation due to them in return for the work done for Mi Casa;

   b.   Whether Mi Casa's pay scheme, which failed to compensate Pardini and the Arizona Wage Class members at least 1.5x their regular rate of pay for overtime hours worked, resulted in the nonpayment of wages due and owing to the to Pardini and the Arizona Wage Class Members under the Arizona Wage Act;

   c.   Whether Mi Casa knowingly benefitted at the expense of Pardini and the Arizona Wage Class Members; and

d.      Whether allowing Mi Casa to retain the benefit it obtained at the expense of Pardini and the Arizona Wage Class Members would be unjust.

85.      Pardini's claims are typical of the claims of the respective Arizona Wage Class members. Pardini and the Arizona Wage Class members have all sustained damages arising out of Mi Casa's respective illegal and uniform employment policies.

86.      Pardini knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

87.      Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA AS TO PARDINI AND THE FLSA COLLECTIVE

88.      Pardini incorporates all other allegations.

89.      By failing to pay Pardini and the FLSA Collective members overtime at 1.5 times their regular rates, Mi Casa violated the FLSA. 29 U.S.C. § 207(a).

90.      Mi Casa owes Pardini and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

91.      Mi Casa owes Pardini and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

92.      Mi Casa knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

93.     Because Mi Casa knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Mi Casa owes these wages for at least the past three years.

94.     Mi Casa's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

95.     Because Mi Casa's decision not to pay overtime was not made in good faith, Mi Casa also owes Pardini and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

96.     Accordingly, Pardini and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT AS TO PARDINI AND THE ARIZONA WAGE CLASS

97.     Pardini incorporates all other allegations.

98.     The conduct alleged in this Complaint violates the Arizona Wage Act, A.R.S. 23-350 *et seq.*

99.     Mi Casa was and is an "employer" within the meaning of the Arizona Wage Act. A.R.S. § 23-350(3).

100.    At all relevant times, Mi Casa employed Pardini and each other Arizona Wage member as "employees" within the meaning of the Arizona Wage Act. A.R.S. § 23-350(2).

101.    Pardini and the other Arizona Wage Class members were required by law to be paid nondiscretionary compensation for all labor and services provided to Mi Casa. A.R.S. § 23-350(7).

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

102.    Pardini and the other Arizona Wage Class members had a reasonable expectation Mi Casa would pay them wages for all labor and services provided to Mi Casa. A.R.S. § 23-350(7).

103.    Pardini and the other Arizona Wage Class members had a reasonable expectation Mi Casa would pay them wages as required by the FLSA.

104.    Pardini and the other Arizona Wage Class members had a reasonable expectation Mi Casa would pay them wages as required by federal law.

105.    Pardini and the other Arizona Wage Class members had a reasonable expectation Mi Casa would pay them wages as required by Arizona law.

106.    Pardini and the other Arizona Wage Class members had a reasonable expectation Mi Casa would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

107.    Within the applicable limitations period, Mi Casa had a policy and practice of failing to pay proper overtime to the Arizona Wage Class members for their hours worked in excess of 40 hours per week.

108.    The wages owed to Pardini and each other Arizona Wage member were due to be paid not later than 16 days after the end of the of the most recent pay period. A.R.S. § 23-351(C)(3).

109.    The wages and overtime owed to Pardini and each other Arizona Wage member who left the employment of Mi Casa were due to be paid not later seven days after termination, or at the end of the next regular pay period. A.R.S. § 23-353(A)-(B).

110.    The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by

state or federal law, or the employee has authorized the withholding in writing. A.R.S. § 23-352.

111.    Mi Casa was not required under Arizona or federal law to withhold the wages due to Pardini and the Arizona Wage Class members.

112.    Mi Casa was not empowered under Arizona or federal law to withhold the wages due to Pardini and the Arizona Wage Class members.

113.    Neither Pardini nor the Arizona Wage Class members authorized Mi Casa to withhold the wages due to them.

114.    Mi Casa has not paid the wages to Pardini and the other Arizona Wage Class Member.

115.    As a result of Mi Casa's failure to pay all nondiscretionary compenstion to Pardini and the Arizona Wage Class Members, Mi Casa violated the Arizona Wage Act.

116.    Pardini and the Arizona Wage Class members are entitled to recover all unpaid wages, treble damages, plus attorney's fees and costs. A.R.S. § 23-355(A).

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT
### AS TO PARDINI AND THE ARIZONA WAGE CLASS

117.    Pardini incorporates all other allegations.

118.    Mi Casa's acts and omissions in failing to pay earned wages to Pardini and the Arizona Wage Class members was done knowingly, willfully, or with reckless disregard of the rights of Pardini and the Arizona Wage Class members.

119.    As a result of its unlawful acts and omissions, Mi Casa received substantial benefit in the form of financial compensation that rightfully belonged to Pardini and the Arizona Wage Class members.

120.    It would be unjust to allow Mi Casa to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Pardini and the

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

13

Arizona Wage Class members the wages they were entitled to under Arizona law.

121.   Mi Casa has been unjustly enriched by its unlawful acts and omissions.

**DAMAGES**

122.   Mi Casa's acts and omissions, individually and collectively, caused Pardini and the Similarly Situated Workers to sustain legal damages.

123.   Pardini and the FLSA Collective members are entitled to overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

124.   Pardini and the Arizona Wage Class members are entitled to damages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. A.R.S. § 23-355(A).

125.   Pardini and the Arizona Wage Class members are entitled to recover for Mi Casa's unjust enrichment, including restitution and penalties.

126.   Pardini and the Similarly Situated Workers are entitled to recover attorneys' fees and costs of court.

127.   Pardini and the FLSA Collective members are entitled to recover liquidated damages under the FLSA.

128.   Pardini and the Arizona Wage Class members are entitled to treble damages under the Arizona Wage Act.

129.   Pardini and the Arizona Wage Class members are entitled to exemplary damages on their unjust enrichment claim.

130.   Pardini and the Similarly Situated Workers are entitled to pre- and post-judgment interest at the maximum legal rates.

131.   A constructive trust should be imposed on Mi Casa, and the Court should sequester any benefits or money wrongfully received by Mi Casa at the expense of Pardini and the Arizona Wage Class members.

**RELIEF SOUGHT**

Pardini prays for judgment against Mi Casa as follows:

  a. For an order certifying a collective action for the purposes of claims under the FLSA;

  b. For an order certifying a class action for the purposes of the claims under Arizona law;

  c. For an order finding Mi Casa liable for violations of federal wage laws with respect to Pardini and all FLSA Collective Members covered by this case;

  d. For an order finding Mi Casa liable for violations of Arizona wage laws with respect to Pardini and all Arizona Wage Class members covered by this case;

  e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Pardini and all FLSA Collective Members covered by this case;

  f. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Pardini and all Arizona Wage Class members covered by this case;

  g. For an order finding Mi Casa was unjustly enriched by its violations of Arizona law with respect to Pardini and all Arizona Wage Class members covered by this case;

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

h.     For an order imposing a constructive trust on Mi Casa and sequestering the benefits and monies that it wrongfully obtained at the expense of Pardini and the Arizona Wage Class members;

i.     For an order for an accounting and awarding restitution, penalties, and exemplary damages to Pardini and all Arizona Wage Class members covered by this case;

j.     For a judgment awarding costs of this action to Pardini and all FLSA Collective and Arizona Wage Class members covered by this case;

k.     For a judgment awarding attorneys' fees to Pardini and FLSA Collective and Arizona Wage Class covered by this case;

l.     For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Pardini and all FLSA Collective and Arizona Wage Class members covered by this case; and

m.     For all such other and further relief as may be necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable in this action.

SUBMITTED this 10th day of May 2002.

RANDALL LAW PLLC

By /s/ Samuel R. Randall
Samuel R. Randall
*Attorneys for Plaintiff*

PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES
16